IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE JOHNSON | : |
| | :    CIVIL ACTION |
| v. | : |
| | :    NO. 22-2905 |
| UNITED STATES OF AMERICA | : |

**ORDER**

AND NOW, this 13th day of January, 2023, upon consideration of Defendant United States of America's Motion to Dismiss the Plaintiff's First Amended Complaint or, in the Alternative, for Summary Judgment (Document No. 22), Plaintiff Joe Johnson's Opposition thereto, and the parties' additional submissions in support of their positions, it is hereby ORDERED that the Motion is GRANTED, and the Amended Complaint is DISMISSED without prejudice and with leave for Plaintiff to refile in either the District of Maryland or the Middle District of Pennsylvania.[1]

---

[1] Plaintiff Johnson's original Complaint asserted causes of action against two individual defendants (a federal agent and a prosecutor) for violations of his civil rights, defamation, false arrest, false imprisonment, and intentional infliction of emotional distress, and against the United States under the Federal Tort Claims Act (FTCA) for negligence in exposing him to the virus which causes COVID-19 when he was incarcerated at FCI Schuylkill in Minersville, PA. Compl. ECF No. 1. On July 20, 2022, U.S. Magistrate Judge Gina L. Simms, finding venue to be improper in the District of Maryland under 28 U.S.C. § 1391(b), *sua sponte* transferred the action to this Court pursuant to 28 U.S.C. § 1406(a), because the individual defendants are residents of this District and all the events described in the Complaint occurred in Pennsylvania. Order of July 20, 2022, ECF No. 4. On October 10, 2022, Johnson filed an Amended Complaint in which he dropped his claims against the prosecutor and agent but retained his FTCA claims against the United States. Am. Compl., ECF No. 16. The United States now moves to dismiss the Amended Complaint for improper venue and lack of subject matter jurisdiction pursuant to the FTCA's discretionary function and quarantine exceptions. Alternatively, the United States moves for the entry of summary judgment because Johnson cannot prove he suffered any injury as the result of his COVID exposure.

Under 28 U.S.C. § 1346(b), the federal district courts have exclusive jurisdiction of actions where the United States is a defendant and the plaintiff seeks money damages for "injury or loss

BY THE COURT:

/s/  Juan R. Sánchez
_____
Juan R. Sánchez,      C.J.

---

of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under 28 U.S.C. § 1402(b), "any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title [28 U.S.C. § 1346] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Inasmuch as Johnson does not reside in the Eastern District of Pennsylvania and the "the act or omission complained of occurred" in the Middle District of Pennsylvania, this action may not be prosecuted in this District.  It is therefore dismissed without prejudice. 28 U.S.C. § 1406(a). Given that there are two possible districts in which venue properly lies, Johnson is given leave to decide where to re-file his complaint.